IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  vs.<br><br>KENNETH W. BLAIR III,<br><br>        Defendant. | **4:21CR3155**<br><br><br>**FINDINGS, RECOMMENDATION,<br>AND ORDER** |

Defendant Kenneth W. Blair, III, has filed a motion to compel disclosure of a confidential informant (CI) (Filing No. 32), and a motion to suppress (Filing No. 34). Blair argues the disclosure of the CI is required because his or her identity and potential testimony is relevant and material to his defense. (Filing No. 33). Additionally, Blair seeks suppression of all evidence derived from the actions of officers working for the Lincoln, Nebraska Police Department (LPD) in Omaha, Nebraska on November 11, 2021. (Filing No. 34). Specifically, Blair argues LPD officers acted beyond their primary geographical jurisdiction in violation of state law. (Filing No. 34).

For the reasons stated below, the motion to compel disclosure of the CI will be denied, and the motion to suppress should be denied without a hearing.

STATEMENT OF FACTS

In October 2021, LPD investigators became acquainted with a CI who had allegedly purchased drugs from Blair in the past and was willing to cooperate with investigators. (Filing No. 42-1). The CI entered into a cooperation agreement with LPD, agreeing to act as an informant by providing information to investigators, corresponding with Blair, and conducting alleged drug transactions with Blair. Id.

Throughout their investigation, investigators arranged various interactions between the CI and Blair and recorded and/or surveilled the exchanges. (Filing No. 42-1).

On November 11, 2021, investigators used the CI to arrange an alleged purchase of methamphetamine from Blair. (Filing No. 42-9). After a series of recorded phone calls, the CI agreed to meet Blair in Omaha to purchase methamphetamine. (Government's Exhibit 18, CD). Investigators surveilled Blair from Lincoln to Omaha where the alleged drug transaction occurred. Prior to the incident, the CI was fitted with an audio recording device, received "buy" money from the LPD Narcotics Unit, and was transported to the designated location by an undercover officer. (Filing Nos. 42-9, 42-10). The CI then entered Blair's vehicle alone and then allegedly exchanged money for methamphetamine. Id. Investigators surveilled the controlled buy in the vehicle next to Blair's as well as from some distance away. Id. After the alleged transaction, the CI left the area with an undercover officer and produced two bags of methamphetamine weighing just over two pounds. Id. The alleged controlled buy was captured on the CI's audio recording device. (Government's Exhibit 1, CD).

Based on LPD's investigation, Blair was arrested outside his Omaha residence on November 18, 2021. (Filing No. 42-11). Law enforcement officers from LPD, the Omaha Police Department, and the Nebraska State Patrol searched Defendant's residence pursuant to a warrant. The officers found methamphetamine, a handgun, and cash. (Filing Nos. 42-11, 42-13, 42-14, 42-19).

On December 14, 2021, the grand jury for the District of Nebraska charged Blair in a four-count Indictment which alleges:

Count I: On or about November 18, 2021, Blair did knowingly and intentionally possess with intent to distribute 500 grams or more of methamphetamine.

Count II: On or about November 18, 2021, Blair did knowingly use and carry a firearm, a Taurus 63C 9mm handgun, during and in relation to, and did knowingly possess such firearm in furtherance of, the drug trafficking offense described in Count One.

Count III: On or about November 18, 2021, Blair, knowing he had been previously convicted of several crimes punishable for a term exceeding one year, knowingly possessed a Taurus 63C 9mm handgun which had been shipped and transported in interstate commerce.

Count IV: On or about November 11, 2021, Blair did knowingly and intentionally distribute 500 grams or more of methamphetamine.

(Filing No. 12).

ANALYSIS

1.    Motion to Compel Disclosure of Confidential Informant

Blair moves the court for an order directing the government to identify the CI involved in this case and make him or her available for interview by defense counsel. (Filing No. 32).

The defendant bears the burden of showing that his need for disclosure of the identity of a confidential informant outweighs the government's privilege to withhold the informant's identity. U.S. v. Faulkner, 826 F.3d 1139, 1147 (8th Cir. 2016); U.S. v. Lapsley, 263 F.3d 839, 841 (8th Cir. 2001). The defendant can satisfy this burden by showing that disclosure is relevant and helpful to his defense, material, or essential to a fair trial. Roviaro v. U.S., 353 U.S. 53, 60 (1957). "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." Lapsley, 263 F.3d at 841

(quoting Roviaro, 353 U.S. at 60-61.). However, the defendant must establish "beyond mere speculation" that the informant's testimony will be material to the determination of the case. U.S. v. Harrington, 951 F.2d 876, 877 (8th Cir. 1991).

Disclosure of the confidential informant is not mandated unless it is vital to a fair trial. Carpenter v. Lock, 257 F.3d 775, 779 (8th Cir. 2001). When deciding whether the confidential informant's identity must be disclosed, the court considers factors such as the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors to determine whether, on balance, the defendant's need for disclosure outweighs the public's interest in maintaining the confidentiality of informants. Carpenter, 257 F.3d at 779 (citing Roviaro, 353 U.S. 53, 60-61).

The threshold issue is whether the informant is a material witness. Faulkner, 826 F.3d at 1147. Evidence is material only if there is a reasonable probability that, if the evidence is disclosed to the defense, the result of the proceeding will be different. U.S. v. Parker, 836 F.2d 1080, 1083 (8th Cir.1987), cert. denied, 108 S.Ct. 2002 (1988) (quoting U.S. v. Bagley, 473 U.S. 667, 682 (1985)). A trial court abuses its discretion if it orders disclosure absent a showing of materiality. U.S. v. Grisham, 748 F.2d 460, 463 (8th Cir. 1984).

Blair has submitted no evidence in support of his motion, and his argument in support of disclosing the CI is scant, vague, and conclusory. He argues:

> There is no doubt in this case that the disclosure of the identity of the confidential informant, and making him available for an interview, is necessary for Defendant to be able to prepare an adequate defense because the information relating to the confidential informant's credibility, motives, or prejudices must be obtained by the defense in advance of trial. . . . [T]he confidential informant had set up the criminal occurrence, took part in the

alleged transaction, and made the allegations relating to whether the Defendant was in possession of a firearm. . . . Not only is the confidential informant's information relevant, it is beyond critical in the assistance of the Defendant to adequately prepare his defense of said charges.

(Filing No. 33, at CM/ECF p. 3).

As the government explains, the CI did not participate in the November 18, 2021, arrest of the defendant and search of his residence—the events underlying the charges in Counts, I, II, and III. Law enforcement officers have first-hand knowledge as to those Counts and they, not the CI, will be the source of the government's trial evidence. Blair has failed to show or even argue how knowing the identity and potential testimony of the CI would allow him to disprove or defend against the charges arising from the November 18 events. See U.S. v. Harrington, 951 F.2d 876, 878 (8th Cir. 1991) (holding the government need not disclose the identity of a CI who alerted police that the defendants were offering crack cocaine for sale where the government charged possession with intent to deliver, intended to prove this charge based on evidence found during a search, and the confidential informant did not witness or participate in the search). See also U.S. v. Bourbon, 819 F.2d 856, 860 (8th Cir. 1987).

As to the November 11, 2021, drug sale underlying Count IV, Defendant argues the CI must be disclosed because he or she participated in the alleged drug transaction and was present when the alleged drug transaction underlying Count IV took place. (Filing No. 33 at CM/ECF p. 3). The court acknowledges that if the informant "is an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense." Carpenter, 257 F.3d at 779. However, there is "no fixed rule with respect to disclosure is justifiable." Roviaro, 353 U.S. at 62.

> The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare one's defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

Roviaro, 353 U.S. at 62. It is not sufficient to merely state that the informant was a participant in and witness to the crime charged. United States v. Jimenez, 789 F.2d 167, 170 (2d Cir.1986) (affirming non-disclosure of an informant who was both a participant in and witness to the crime charged where the defendant failed to show that the testimony of the informant "would have been of even marginal value to the defendant's case.").

Defendant has failed to explain how the CI's information or testimony could be "critical to Defendant's defense;" that is, defense counsel has not explained what this CI may know that could assist in proving, for example, a defense of entrapment, alibi, or lack of intent. Defendant's "bald statement that the confidential informant's identity is necessary to his defense [is] an insufficient showing to warrant disclosure." United States v. Robertson, 988 F. Supp. 83, 85 (N.D.N.Y. 1997).

The government concedes the CI participated in the alleged drug sale and there were only two people—the CI and Blair—in the vehicle when the controlled buy occurred. (Filing No. 41 at CM/ECF p. 20). But as the government states, "the CI need not testify as a witness to describe what happened in the vehicle on November 11." (Filing No. 41, at CM/ECF p. 19). Law enforcement officers authorized and organized the November 11 controlled buy, directed the CI on what to do, actively watched the interaction between the CI and Blair and using an audio recording device, listened to their conversation in real time. These officers will

provide trial testimony regarding what they saw and heard during the transaction. The transaction was audio-recorded, and that recording has been disclosed to the defendant. While the CI could also provide testimony of what was said or done during the alleged drug transaction, Defendant has failed to show or even argue how the CI's testimony would be anything other than cumulative. If the CI does not testify, Defendant need not have the CI's identity so he can investigate the CI's "credibility, motives, or prejudices" before trial. (Filing No. 33 at CM/ECF p. 3). See U.S. v. Marshall, CR. 12–50059–JLV, 2013 WL 1907734 (D.S.D. May 7, 2013) (denying disclosure on non-testifying confidential informants: "If a particular CS does not testify, there is no need to undermine his or her testimony through cross-examination."). And if the government later decides to call the CI at trial, the government has assured the court and defense counsel that it will comply with the Jencks and Brady disclosure requirements. (Filing No. 41, at CM/ECF p. 21).

To summarize, law enforcement officers are able to provide first-hand testimony as to November 11, 2021, drug transaction, and a recording is available to corroborate or undermine their testimony. While a small portion of the audio recording is muffled, Blair has provided no showing that the CI's testimony as to that portion of the transaction could undercut the government's case in any meaningful way, support a defense, or lead to a different result in a trial against him. Although he argues disclosure is necessary because the CI possesses information material to his case, he has failed to meet his burden of proving the CI's testimony is material. Simply repeating the relevant test applicable when deciding if a CI's identity must be disclosed, without offering more, is insufficient to meet defendants' burden. United States v. Robinson, 993 F.3d 839 (10th Cir. 2021) (holding that a confidential informant who participated in controlled buys at issue need not be disclosed where the conversations were recorded, the defendant received transcripts of the recordings, and defense counsel cited no evidence outside the transcripts that the informant could provide for trial); U.S. v. Baker,

1:11CR103-JAR, 2012 WL 12527307 (E.D. Mo. 2012) (denying motion for identity of confidential informants where the defendant received a copy of the audio/video recording of that transaction as well as a description of the facts surrounding how the controlled buy was arranged, and the defendant provided no explanation of how the informants' testimony could help establish his innocence); United States v. Beckett, 889 F. Supp. 152, 155 (D. Del. 1995) (denying pretrial disclosure of the confidential informants' identities where the controlled buys they participated in were recorded and defendants offered no specifics as to the alleged materiality of the informants' statements or the exculpatory information they could provide).

Blair has failed to carry his burden of showing that disclosure of the identity of the CI is material to his defense or vital to a fair trial. Lapsley, 263 F.3d at 841. Particularly when balanced against the need to protect the CI from a defendant charged with drug crimes, the use of firearms to commit those crimes, and "STOP SNITCHIN" prominently tattooed on his chest, (Filing No. 42-18, at CM/ECF p. 3), the court finds that Blair's request to compel disclosure of the CI must be denied.

2.    Motion to Suppress

Blair moves for an order suppressing all evidence derived from LPD officer operations in Omaha. (Filing No. 34). He argues the law enforcement officers employed by the Lincoln Police Department acted beyond their geographical jurisdiction in violation of state law when they participated in an alleged undercover purchase of drugs on November 11, 2021. (Filing No. 35). Specifically, Blair points to Neb. Rev. Stat. § 29-215, which provides instances in which law enforcement officers have the authority to enforce the law outside of their primary jurisdiction. (Filing Nos. 34 and 35). He alleges none of the circumstances outlined in § 215 are applicable in the present case. Id.

8

"[W]hen a federal court must decide whether to exclude evidence obtained through an arrest, search, or seizure by state officers, the appropriate inquiry is whether the arrest, search, or seizure violated the Federal Constitution, not whether the arrest, search, or seizure violated state law." U.S. v. Bell, 54 F.3d 502, 504 (8th Cir.1995)); see also Oglesby v. Lesan, 929 F.3d 526, 533-34 (8th Cir. 2019). States are free to regulate arrests however they desire, but state law does not alter the content of the Fourth Amendment. Virginia v. Moore, 553 U.S. 164, 176 (2008); see also U.S. v. Keele, 589 F.3d 940, 944 (8th Cir. 2009).

Blair does not argue his constitutional rights have been violated. (Filing Nos. 34 and 35). And even assuming without deciding that the LPD officers violated Nebraska state statute by investigating Blair outside of their geographic jurisdiction, such violation does not, in and of itself, justify suppressing evidence under the federal constitution. The court should therefore deny Blair's motion to suppress without a hearing.[1]

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable John M. Gerrard, United States District Judge, pursuant to 28 U.S.C. §636(b), that the motion to suppress (Filing No. 34) be denied in its entirety.

The defendant is notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

---

[1] An evidentiary hearing is unnecessary unless the defendant first makes a colorable argument that his constitutional rights were violated. See U.S. v. Bell, 54 F.3d 502, 504 (8th Cir.1995).

IT IS ORDERED:

1)      Defendant's motion to compel disclosure of the confidential informant (Filing No. 32) is denied.

2)      Trial of this case is set to commence before the Honorable John M. Gerrard, United States District Judge, in Courtroom 1, United States Courthouse, Lincoln, Nebraska, at 9:00 a.m. on April 4, 2022, or as soon thereafter as the case may be called, for a duration of three (3) trial days. Jury selection will be held at commencement of trial.

Dated this 17th day of March, 2022.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge