IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

KENNETH W. BLAIR, III,

Defendant.

4:21-CR-3155

ORDER

The defendant has filed a motion in limine (filing 31) seeking to exclude an audio recording, allegedly of the defendant selling methamphetamine to a confidential informant in a controlled buy. The defendant argues the following:

1. The audio quality of the recording is poor, so it should be excluded under Fed. R. Evid. 403,

2. The recording includes statements made by the confidential informant, which are inadmissible hearsay and violate the Confrontation Clause, and

3. Nothing on the recording authenticates the defendant's voice.

Filing 31 at 2. But none of those arguments warrants excluding the evidence at this point, so the defendant's motion will be denied without prejudice to a proper objection at trial.

## 1. RULE 403

First, audio quality. The Court has reviewed the recording—Exhibit 1 in the government's index of evidence—and did not have any trouble with it. As with any such recording, some parts are clearer than others—but that goes to the weight of the evidence, not its admissibility. *See United States v. De La*

*Torre*, 907 F.3d 581, 591-92 (8th Cir. 2018). The recorded conversation is certainly audible enough to provide the jury with the gist of the conversation, and the defendant may offer his own account to clear up any ambiguities that might be raised. *See id*. at 591. There's no basis to conclude that the probative value of the evidence is outweighed by any of the bases for exclusion set forth in Rule 403. *See id*. at 593 (citing Rule 403).

## 2. HEARSAY/CONFRONTATION CLAUSE

The defendant argues that the statements made by the confidential informant are hearsay. Filing 31 at 2. The government contends that the informant's statements aren't being offered to prove the truth of the matter asserted—rather, they're offered as context for the statements made by the other speaker on the recording. Filing 41 at 13. That's certainly true during the part of the recording that captured the alleged drug transaction: Statements providing context for other admissible statements are not hearsay because they are not offered for their truth. *United States v. Lamm*, 5 F.4th 942, 950 (8th Cir. 2021).

Other parts of the recordings present closer questions—for instance, the conversations between the informant and police before and after the controlled buy. But even those remarks may be relevant for their effect on the hearer—to explain why the informant behaved as he did during the controlled buy, and to explain why the police acted as they did after the buy was complete. *See United States v. Wright*, 739 F.3d 1160, 1170-71 (8th Cir. 2014); *see also United States v. Shores*, 700 F.3d 366, 374 (8th Cir. 2012); *United States v. Amahia*, 825 F.2d 177, 181 (8th Cir. 1987). And that determination is difficult to make without the fully developed foundation for the evidence and its relevance that would be present at trial—so, the Court will deny the motion in limine as to hearsay without prejudice to an objection at trial.

The Confrontation Clause, however, is not implicated here. The Confrontation Clause generally prohibits the admission of out-of-court statements when the defendant has had no opportunity to cross-examine the witnesses who made them, but that general rule applies only to testimonial statements—that is, statements given with the primary purpose of creating an out-of-court substitute for trial testimony. *United States v. White*, 962 F.3d 1052, 1055 (8th Cir. 2020). These recorded statements weren't. *See id*. And in order to fall within the purview of the Confrontation Clause, evidence not only must be testimonial but also must be offered for the truth of the matter asserted. *Wright*, 739 F.3d at 1170. Accordingly, any statements not subject to a proper hearsay objection also clear the bar of the Confrontation Clause. *See id*. So, the Court will likewise deny the motion in limine on this point.

### 3. AUTHENTICATION

Finally, the Court finds no merit to the defendant's assertion that the audio recording should be excluded because "there is no authentication of Defendant's voice on such audio." Filing 31 at 2. To start with, a number of remarks on the audio recording refer to the defendant. He didn't expressly introduce himself by name, but the Court's not convinced that's a requirement.

There are, in fact, a number of ways to lay proper foundation for a recording of this kind, including (but not limited to) the informant's testimony, other recordings of the defendant's voice, witness identification, or circumstantial evidence of how the recording was made. *See United States v. McMillan*, 508 F.2d 101, 105 (8th Cir. 1974); *see also, e.g.*, *United States v. LeBeau*, 867 F.3d 960, 980 (8th Cir. 2017); *United States v. Smith*, 557 F. App'x 606, 610 (8th Cir. 2014); *United States v. Crusoe*, 282 F. App'x 506, 508 (8th Cir. 2008); *United States v. Oslund*, 453 F.3d 1048, 1055 (8th Cir. 2006); *United States v. Henderson*, 440 F.3d 453, 457 (8th Cir. 2006); *United States v. Pecina*,

- 4 -

956 F.2d 186, 189 (8th Cir. 1992). The accuracy of a voice identification is ultimately for the jury to decide. *LeBeau*, 867 F.3d at 980. Accordingly,

IT IS ORDERED that the defendant's motion in limine (filing 31) is denied.

Dated this 27th day of May, 2022.

BY THE COURT:

John M. Gerrard
United States District Judge