IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

KENNETH W. BLAIR, III,

Defendant.

4:21-CR-3155

MEMORANDUM AND ORDER

This matter is before the Court on the defendant, Kenneth Blair's, motion for a *Franks* hearing and to suppress evidence. Filing 69 at 1. Because this motion is untimely and Mr. Blair has failed to show good cause as proscribed in Fed. R. Crim. P. 12(c)(3), it will be denied.

The Magistrate Judge originally set the pretrial motions deadline in this matter for January 18, 2022. Filing 20. But when Mr. Blair's motion to continue was granted, the deadline was moved to January 25, 2022. Filing 30. And defense counsel filed three separate pretrial motions in accordance with this deadline—a motion in limine (filing 31), a motion to compel (filing 32), and a motion to suppress (filing 34).

The motion in limine—which was denied by this Court without prejudice to a proper objection at trial—sought to exclude audio evidence allegedly documenting a controlled buy between Mr. Blair and a confidential informant (CI). *See* filing 55. His motion to compel the disclosure of this CI was also denied by the Magistrate Judge in an order affirmed by this Court over the defendant's objection. *See* filing 44; filing 47; filing 49. Lastly, Mr. Blair's motion to suppress focused exclusively on evidence derived from the Lincoln/Lancaster County Narcotics Task Force during investigations related to his case that occurred in Omaha. He argued that this evidence was obtained

"as a result of [the officers] impermissibly operating beyond their primary jurisdiction." Filing 34. And this Court adopted the Magistrate Judge's recommendation to deny this motion after Mr. Blair failed to file any objections to this recommendation. *See* filing 47; filing 49.

Notably, none of Mr. Blair's pretrial motions, including his motion to suppress, mentioned or alluded to the argument presented in his present motion: That the search warrant officers executed at an Omaha apartment allegedly tied to Mr. Blair (which is located at 6123 N. 100th Plaza and referred to throughout as "the 6123 apartment") was supported by false or deliberately misleading statements, and therefore, all fruits of that search must be excluded under the Fourth Amendment. *See* filling 71. Instead, Mr. Blair raises this argument for the first time in the present motion, which was filed at 11:59 p.m. on the Thursday night before the Monday on which his trial is set to begin, and seven months after the pretrial motions deadline. *See* filing 69. And Mr. Blair has failed to show the Court good cause for considering this untimely motion.

Pursuant to Rule 12(c)(3), if a party does not meet the deadline for making a pretrial motion, the motion is untimely. In such situations, the Court may consider the request "if the party shows good cause." *Id*. But the desire to suppress incriminating evidence is not by itself sufficient to establish good cause, especially where such issues could have been raised in a timely motion to suppress. *United States v. Tracheff*, 633 F.3d 696, 698 (8th Cir. 2011). Here, Mr. Blair does not present any explanation to the Court as to why his motion could not have been filed before the original pretrial motions deadline. *See* filing 71. Upon the Court's review, the only possible explanation is that defense counsel allegedly relied on two pieces of evidence in this motion that he obtained *after* the pretrial motions deadline. *See* Filing 70-2.

2

First, defense counsel was allegedly permitted to inspect statements from the CI—whose statements he claims were critical in linking Mr. Blair to the 6123 apartment—for the first time on June 23, 2022. Filing 70-2. And from this, the defendant claims to have learned that the warrant affidavit provided false information, as the CI never stated (1) the 6123 apartment was Mr. Blair's residence, or (2) that he met Mr. Blair at the 6123 apartment's parking lot to purchase methamphetamine. In the defendant's opinion, any such statements in the warrant affidavit were recklessly misleading, and without these statements, the warrant to search the apartment was not supported by probable cause, as it fails to provide any link between Mr. Blair and the 6123 apartment.

The Court takes issue with the fact that the defendant has failed to explain—or even try to explain—why he waited over a month after reviewing the CI's statement to bring this motion. But that is not the main problem with the defendant's argument. The reality is, defense counsel's review of the CI's statements could not have uncovered the evidence he suggests. He could not have discovered that the officer's affidavit falsely claimed that the CI directly linked Mr. Blair to the 6123 apartment because the officer's affidavit simply does not make such claims.

Instead, according to the affidavit, the CI told officers that he typically had to go to Omaha to get half pound quantities of methamphetamine from Mr. Blair (who he knew as "Fats"). Filing 70-1 at 14. The CI stated that when he did this, he would "meet 'Fats' at his apartment complex in Omaha, near the Fort Street interchange," and that the precise location of the meetup would be "in a parking lot within the apartment complex . . . but not near 'Fats' actual apartment." Filing 70-1 at 14. The officer then looked at online photos of the Grandridge apartment complex where the 6123 apartment is located "and

3

observed it to be just north of the I-680 and Fort Street interchange in Omaha." Filing 70-1 at 15. When the CI was shown photos of the apartment complex—which has a primary address of 5439 N. 100th Plaza—he allegedly confirmed that this was the complex where he obtained methamphetamine from Mr. Blair. Filing 70-1 at 15-16. But he provided the address of 10027 Himebaugh Plaza as the nearby parking lot where they would meet. Filing 70-1 at 16.

In sum, the affidavit states that the CI linked Mr. Blair to the Grandridge apartment complex and the 10027 Himebaugh Plaza parking lot, which is located less than a mile from this complex. *See* filing 70-2; filing 70-3. And the defendant admits that the CI did, in fact, make such statements. Filing 70-2. The false claims that the defendant allegedly uncovered after his recent review of the CI's statements simply do not exist. The real issue the defendant appears to be getting at with his motion is that the warrant affidavit did not present sufficient evidence linking Mr. Blair to the 6123 apartment. While this may, or may not, be a valid argument, it is one that could have been raised after the defendant's review of the officer's affidavit. And since he makes no arguments that he did not have access to the affidavit before the expiration of the pretrial motions deadline, he has failed to show that he could not have brought this motion within that deadline. As such, the defendant's review of the CI's statements does not provide good cause for the Court to hear his untimely motion.

The defendant also claims that he just recently was able to interview Earl Dean and uncovered that some of his alleged statements that were included in the warrant affidavit were false. *See* filing 70-2; filing 70-1 at 12. But therein lies the issue. The defendant has been aware of Mr. Dean's alleged statements since he received a copy of the officer's warrant affidavit. Nowhere does the defendant claim that this affidavit was not available to him before the

4

pretrial motions deadline. Nor does he provide any explanation as to why he was not able to interview Mr. Dean until just days before the trial. Therefore, the Court is not persuaded that the defendant can meet his burden of showing good cause simply by stating he has learned new evidence from this witness.

And for the same reasons, the Court is not persuaded that it should hear the defendant's untimely motion based on his claim that the officer's affidavit falsely reported observing Mr. Blair exiting the 6123 apartment with a plastic bag shortly before a controlled buy with the CI. To support this argument, the defendant points to a case information report made by officers which states that Mr. Blair was simply seen leaving the apartment with no mention of a plastic bag. *See* filing 70-4. But the Court knows that the defendant has had access to this particular document since February 22, 2022. *See* filing 42-10. Yet he failed to raise this issue in his objection to the Magistrate Judge's recommendation to deny his motion to suppress, which was filed after this date. *See* filing 47. Instead, he waited until just days before trial to raise this issue. And since the defendant has provided no explanation for his delay in presenting this evidence, the Court cannot say he has shown good cause.

Lastly, even if good cause existed to consider the defendant's untimely motion—and the Court were to remove the allegedly false statements from the affidavit, including Mr. Dean's statements and the officer's observation of a plastic bag—Mr. Blair has failed to make a substantial preliminary showing that these statements are necessary to the finding of probable cause in regards to the warrant. Therefore, the Court is not required to hold a hearing. *See Franks v. Delaware*, 438 U.S. 154 (1978).

As outlined above, the CI's statements link Mr. Blair to the apartment complex where the 6123 apartment is located. Additionally, while working with police, the CI called Mr. Blair's cellphone and arranged to meet him in

5

Omaha to purchase methamphetamine. *See* filing 70-1 at 16. After that call, officers allegedly saw Mr. Blair leave Lincoln and travel directly to the 6123 apartment. *See* filing 70-1 at 16. After parking in the apartment's designated parking stall, he entered the residence and exited a little over ten minutes later. Filing 70-1 at 16. He then travelled to the parking lot at 10027 Himebaugh Plaza. Filing 70-1 at 16-17. While undercover officers maintained watch, the CI then allegedly entered Mr. Blair's car and returned shortly after with approximately two pounds of methamphetamine. Filing 70-1 at 16-17. Subsequent investigation also showed that Mr. Blair was listed as one of account holders for the 6123 apartment with the Omaha Public Power District. Filing 70-1 at 17.

The defendant does not claim that any of this information is false. As such, the defendant's untimely motion has failed to make a substantial preliminary showing that any of the allegedly false statements in the affidavit were necessary to the finding of probable cause. Accordingly,

> The defendant's motion for a *Franks* hearing and to suppress evidence (filing 69) is denied.

Dated this 27th day of August, 2022.

BY THE COURT:

John M. Gerrard
United States District Judge

6