IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KENNETH W. BLAIR, III,<br><br>Defendant. | 4:21-CR-3155<br><br>PRELIMINARY ORDER OF FORFEITURE |

The indictment in this case (filing 12) charged the defendant with possession with intent to distribute a mixture or substance containing a detectable amount of methamphetamine (Count 1) and distribution of a mixture or substance containing a detectable amount of methamphetamine (Count 4), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1). The indictment also contained a forfeiture allegation seeking, pursuant to 21 U.S.C. § 853, the forfeiture of $18,100.00 in United States currency seized from an apartment located at 6123 N. 100th Plaza on November 18, 2021. Filing 12 at 3.

The defendant has been found guilty by jury verdict on Counts 1 and 4 of the indictment. The parties were asked whether either would request a jury determination of forfeiture pursuant to Fed. R. Crim. P. 32.2(b)(5), and neither party made such a request. The parties were also asked whether either would request a hearing or offer additional evidence or information relevant to forfeiture pursuant to Rule 32.2(b)(1)(B); neither party requested a hearing, and both parties indicated that they would submit the issue on the trial record. The matter of forfeiture is, therefore, submitted to the Court on the evidence already in the record. *See id.*

The Court finds, from the evidence, that the entirety of the $18,100.00 in United States currency seized from the 6123 N. 100th Plaza apartment on

November 18, 2021, is subject to forfeiture. The evidence presented at trial showed that the currency at issue was located in an apartment being used to operate a methamphetamine distribution scheme. Large amounts of methamphetamine were found in this apartment, along with two firearms. The jury found that Mr. Blair possessed a portion of this methamphetamine with the intent to distribute it, and there was no evidence that Mr. Blair acquired any of this money in a lawful manner.

Additionally, a portion of the currency seized from the apartment—specifically, one thousand dollars—was identified through serial numbers as the U.S. currency transferred from John McCave to Mr. Blair on November 11, 2021, for two pounds of methamphetamine during a "controlled buy" operation organized by law enforcement. And Mr. Blair was convicted for this distribution transaction, which was charged in Count 4. Thus, the Court finds that the government has proven, by both direct and circumstantial evidence, that the currency described above was proceeds obtained directly or indirectly from violations of 21 U.S.C. § 841, and that Mr. Blair's interest in the currency is subject to forfeiture.

IT IS ORDERED:

1. The plaintiff is authorized to seize the property described above.

2. The defendant's interest in the property is forfeited to the plaintiff for disposition in accordance with law, subject to the provisions of 21 U.S.C. § 853(n)(1).

3. The property is to be held by the plaintiff in its secure custody and control.

4. Pursuant to 21 U.S.C. § 853(n)(1), the plaintiff shall publish for at least thirty consecutive days on an official Internet government forfeiture site (www.forfeiture.gov) notice of this order, notice of publication evidencing the plaintiff's intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in the property must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. Such published notice shall state that the petition referred to in paragraph 4, above, shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the property and any additional facts supporting the petitioner's claim and relief sought.

6. The plaintiff may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property as a substitute for published notice as to those persons so notified.

7.  Upon adjudication of all third-party interests, this Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

Dated this 2nd day of September, 2022.

BY THE COURT:

John M. Gerrard
United States District Judge

- 4 -