IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KENNETH W. BLAIR, III,<br><br>Defendant. | 4:21-CR-3155<br><br>TENTATIVE FINDINGS |

The Court has received the revised presentence investigation report in this case. The defendant has objected (filing 97) to the presentence report.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d)  impose upon the defendant the burden of proof on all Guidelines mitigators;

(e)  depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f)  in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.  The defendant has objected to the presentence report. Filing 97.[1] Generally, the defendant's objections all center on the use of uncharged or acquitted conduct in determining the guidelines range.

   The Court is aware that it may use a defendant's relevant conduct in sentencing if it finds by a preponderance of the evidence that the conduct occurred, even if that conduct formed the basis of a criminal charge on which a jury acquitted the defendant. *United States v. Sisco*, 41 F.4th 1032, 1036 (8th Cir. 2022); *United States v. Ruelas-Carbajal*, 933 F.3d

---

[1] The Court notes that the defendant's filing was captioned as a "Motion and Brief in Support of Motion for Downward Departure and Variance," and requests "a downward departure and variance from the United States Sentencing Guidelines as applied herein and the unresolved objections to the Presentence Investigation Report[.]" Filing 97 at 1. However, the defendant's filing is focused entirely on alleged errors in the presentence report, and offers no argument directing the Court to a basis for departure or variance. *See, generally*, *United States v. Lozoya*, 623 F.3d 624, 625-26 (8th Cir. 2010) (explaining "departure" and "variance.") Regardless, the Court will rely on the § 3553(a) factors in independently determining whether a variance from the guidelines is warranted.

928, 930 (8th Cir. 2019). It is not, however, my practice to do so. That said, the defendant's objections are not all directed at *acquitted* conduct—rather, some of the objected-to findings of the presentence report are based on *uncharged* conduct, which is treated differently.

*Drug Weight*

Specifically, the defendant's first objection is to the drug weight calculation, which he asserts is "clearly contrary to the jury's findings." Filing 97 at 3. Not entirely. The defendant faced two drug charges: Count I, possession with intent to distribute 500 grams or more of methamphetamine on or about November 18, 2021, based on drugs found in a search of his alleged residence; and Count IV, distributing 500 grams or more of methamphetamine on or about November 11, 2021, based on a controlled buy. *See* filing 12. The defendant was convicted on both counts, but the jury only found the alleged weight to have been proven for Count IV. Filing 86 at 2, 5. In other words, the jury found the weight to have been proven for the controlled buy, but apparently wasn't persuaded the entire weight found at the defendant's alleged residence could be attributed to him (presumably because the apartment was leased and at least co-occupied by the defendant's girlfriend).

So, the convicted conduct includes the full drug weight from the controlled buy. The acquitted conduct includes the full drug weight from the residential search. But the presentence report also includes the evidence provided by two confidential informants about the amount of methamphetamine they had purchased from the defendant on or before the time of the charged offenses.

In determining drug quantity, the court is not limited to consideration of seized drugs and may consider testimony and other evidence to estimate a quantity that represents the scale of the offense. *United States v. Burris*, 22 F.4th 781, 787 (8th Cir. 2022). The Court may rely on testimony from confidential informants. *See United States v. Ramirez*, 21 F.4th 530, 534-35 (8th Cir. 2021). And evidence of uncharged drug transactions may be considered relevant conduct if the transactions and the charged offense were all part of a continuous pattern of drug activity. *See United States v. Brown*, 499 F.3d 817, 825 (8th Cir. 2007); *United States v. Ault*, 446 F.3d 821, 824 (8th Cir. 2006).

The presentence report contains the following quantities of drugs, as calculated from the trial record:

- 838 gm methamphetamine (actual) from the controlled buy,
- 2,097 gm methamphetamine (actual) from the residential search,
- 2,722 gm methamphetamine mixture from the testimony of one confidential informant, and
- 6,804 gm methamphetamine mixture from the testimony of the other confidential informant.

Just counting the convicted conduct—the 838 gm controlled buy—would result in a base offense level 34. § 2D1.1(c)(3). Including the uncharged conduct from the testimony of the confidential informants, using converted drug weight, would result in a base offense level 36. *See* § 2D1.1(c)(2) & cmt. n.7(D). And that would remain the same even if the acquitted conduct from the residential search was also added in. *See id*.

The Court's *tentative* finding, based on the trial record, is that the testimony of the confidential informants is credible and that, excluding

acquitted conduct, a combined drug weight of 35,812 KG and resulting base offense level 36 is appropriate.

| | | |
|---|---|---|
| 838 gm methamphetamine (actual) x 20 = | | 16,760 lbs |
| 2,722 gm methamphetamine mixture x 2 = | | 5,444 lbs |
| 6,804 gm methamphetamine mixture x 2 = | | <u>13,608 lbs</u> |
| | | 35,812 lbs |

§ 2D1.1(c)(2) & cmt. n.7(D). But at sentencing, the government bears the burden of proving drug quantity by a preponderance of the evidence. *United States v. Buford*, 42 F.4th 872, 876 (8th Cir. 2022). Accordingly, the Court will finally resolve this issue at sentencing based on the trial record and any additional evidence presented.

*Converted Drug Weight*

The defendant also objects to the use of converted drug weight in the guidelines calculation. Filing 97 at 4-5. The presentence report found the defendant responsible for both methamphetamine (actual) and methamphetamine mixture, so those weights were converted to their marijuana equivalents to calculate the total drug weight. *See* U.S.S.G. § 2D1.1 cmt. n.8(B)-(D). The defendant objects, claiming that "[t]he controlled substance in this case, methamphetamine, is specifically referenced in the Drug Quantity Table and was found by the forensic chemist to be of a high purity level, so the actual weight of the methamphetamine is required to be used and not the converted drug weight." Filing 97 at 4-5.

There are a number of problems with the defendant's argument. First is the fact that the drug quantity table, § 2D1.1(c), plainly references three different forms of methamphetamine: "methamphetamine (actual),"

plain "methamphetamine" a/k/a mixture, and "ice" (which is not at issue here). *See* § 2D1.1 n.(B)-(D). And it's appropriate for the Court to use converted drug weight to aggregate quantities of methamphetamine (actual) and methamphetamine mixture. *See United States v. Garcia-Panama*, 432 F. App'x 641, 643 (8th Cir. 2011) (citing *United States v. Morales-Uribe*, 470 F.3d 1282, 1287 (8th Cir. 2006)); *cf. United States v. Sims*, 24 F. App'x 635, 638 (8th Cir. 2001) (cocaine powder and cocaine base should have been converted to determine offense level).

Furthermore, the defendant's suggestion—that actual weight be used instead of converted weight—is at best neutral and might work to his detriment. If only the drugs from the controlled buy are considered, the base offense level is be unaffected by the use of converted drug weight instead of actual weight. § 2D1.1(c)(3) & cmt. n.7(D). And treating the additional weight reported by the confidential informants as methamphetamine (actual), as the defendant seems to suggest, would result in a base offense level 38. *See* § 2D1.1(c)(1).

But treating the additional weight as methamphetamine mixture appears to be appropriate, as that's how their accounts are described in the presentence report, and the most that could be said with any certainty based on their trial testimony. Nor is the government required to recover or test the purity of all the drugs involved in criminal activity—when the drugs have not been recovered, the government may prove their identity and even purity by circumstantial evidence and expert or co-conspirator testimony. *See United States v. Walker*, 688 F.3d 416, 424 (8th Cir. 2012).

In sum, the Court finds that if the additional drug weight testified to by the confidential informants is included for purposes of determining the base offense level—recognizing that's still subject to the defendant's first objection—then treating that amount as methamphetamine mixture and using a combined converted drug weight is appropriate.

*Firearm Enhancement*

Finally, the defendant objects to the two-level enhancement to the offense level pursuant to § 2D1.1(b)(1) for possession of a dangerous weapon. Filing 97 at 5. That enhancement was applied based on the discovery of a Taurus G3c 9mm handgun during the November 19, 2021 residential search.[2] And that *is* clearly acquitted conduct. *See* filing 12 at 1; filing 86 at 3. The Court again acknowledges that it *may* use the defendant's acquitted conduct at sentencing if it finds by a preponderance of the evidence that the conduct occurred, *see Sisco*, 41 F.4th at 1036, but it is not the undersigned's practice to do so. Accordingly, the Court's *tentative* finding is that the weapon enhancement should not apply. But that said, the Court will make its final finding on this issue at sentencing based on the trial record.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the

---

[2] The weapon is referred to at various points in the record, including the indictment, as a "Taurus 63C." *See* filing 12 at 1-2. That appears to have been a scrivener's error, and the Court determined from the evidence at trial that the weapon is accurately described as a Taurus G3c. *See* filing 85 at 12.

preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 15th day of November, 2022.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge